## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

**VIJAI SAYLANI and**
**NAJIB SAYLANI**
**Plaintiffs,**

**V.**                                               **Case No.:** _____

**TRANSWORLD SYSTEMS, INC.**
**a California Corporation,**
**Defendant.**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Vijai Saylani and Najib Saylani ("Plaintiffs"), through their undersigned counsel, bring this action against Transworld Systems, Inc.( "Defendant"), and allege as follows, upon personal knowledge as to themselves and their own acts and experiences, and as to all other matters, upon information and belief.

## NATURE OF THE ACTION

1.      This is an action for declaratory judgment and to recover damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq ("FDCPA"), the Florida Consumer Collection Practices Act, Fl. Stat. 559.55 et seq. ("FCCPA") and for Fraudulent/Negligent Misrepresentation under Florida law.

2.      Plaintiffs seek actual damages, statutory damages, and any other damages available under law, as well as declaratory relief and their reasonable attorneys' fees and costs incurred in bringing this action.

## JURISDICTION AND VENUE

3.      This Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.

4.      Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over the related state law claims that form part of the same case or controversy as the claims over which the Court has original jurisdiction.

5.      The Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202.

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(l) and (2) because Defendant is a corporation that conducts substantial business in this judicial district and because the events giving rise to Plaintiffs' claims occurred in this judicial district, in Duval County, Florida.

## **PARTIES**

7.      At the time of the events giving rise to these claims, Plaintiffs were residents of Duval County, Florida. Plaintiffs continue to be residents of Duval County, Florida.

8.      At all pertinent times, both Mr. Saylani and Mrs. Saylani were "consumer"(s) as defined under 15 U.S.C. §1692a (3) and §559.55(8), Fla. Stat.. See also 15 U.S.C. § 1692c (3) ("the term "consumer" includes the consumer's spouse").

9.      Defendant Transworld Systems, Inc. (TSI) is a California Corporation, with a principal address of 500 Virginia Drive, Suite 514, Ft. Washington, PA 19034.

10.     TSI is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and as described in Fla. Stat. § 559.55(7).

11.     TSI is licensed with the Florida Office of Financial Regulation and maintains a registered agent in Florida. TSI lists its registered agent as follows: CT CORPORATION SYSTEM, 1200 S. PINE ISLAND ROAD, PLANTATION, FL 33324.

## GENERAL FACTUAL ALLEGATIONS

12.     TSI represents itself as the "Subservicer" for National Collegiate Student Loan Trust 2006-3, A Delaware Statutory Trust (NCSLT).

13.     TSI retained Hayt Hayt & Landau, PL, (HHL), a Florida Law Firm, on behalf of NCSLT.

14.     TSI directed HHL to sue Mrs. Saylani. The purpose of the lawsuit was to collect an alleged debt.

15.     The alleged debt purportedly relates to a loan disbursed to Abdelaziz Saylani (hereinafter Abdelaziz). The alleged debt is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes (hereinafter the "debt"). See 15 U.S.C. § 1692a (5); § 559.55(6), Fla. Stat.

16.     TSI alleges that Abdelaziz did not repay the debt in full, that Mrs. Saylani is a cosigner on the note, and thus that she has a legal obligation to pay the debt.

17.     HHL filed a complaint at the direction of and in coordination with TSI on January 24, 2018. The Complaint was filed in the Duval County, Florida, Circuit Court under docket number 16-2018-CA-000496-XXXX-MA.

18.     On February 5, 2018, TSI prepared an affidavit in the case, in support of a motion for summary judgment. Upon information and belief, the affidavit prepared by TSI contained knowingly false statements, made for purposes of coercing Mrs. Saylani to pay money.

19.     The TSI affidavit, a request for admissions, and a motion for summary judgment were then mailed to Mrs. Vijai Saylani at her home address, even though Mrs. Saylani had not been served with a summons.

20.     Intimidated by the TSI affidavit, motion for summary judgment, and request for admissions, Mrs. Saylani retained counsel.

21.     Mrs. Saylani's attorney filed a Notice of Appearance and Motion to Dismiss on May 24, 2018.

22.     Mrs. Saylani's attorney served the Notice of Appearance and Motion to Dismiss on HHL, the law firm retained by TSI on behalf of NCSLT.

23.     Mrs. Saylani's attorney set the Motion to Dismiss for hearing and served a Notice of Hearing on the firm retained by TSI/NCSLT. On September 17, 2018, shortly before the hearing, HHL filed a voluntary dismissal.

24.     On September 18, 2018, Mrs. Saylani's attorney sent HHL a letter, noting that Mrs. Saylani continued to be represented by counsel and that should any matter arise requiring Mrs. Saylani's attention, that Mrs. Saylani's attorney must be contacted, not Mrs. Saylani.

25.     Mrs. Saylani's attorney provided contact information in the letter, to make it easy for HHL/TSI to reach him.

26.    On January 5, 2020, approximately a year later, TSI bypassed Mrs. Sayanli's attorney and contacted Mrs. Saylani directly about the debt which was the subject of the lawsuit.

27.    TSI knew and had been placed on notice that Mrs. Saylani was represented by an attorney with respect to the debt.

28.    A direct participant in 16-2018-CA-000496-XXXX-MA, TSI knew that Mrs. Saylani was represented by an attorney with respect to the debt.

29.    TSI did not attempt to contact Mrs. Saylani's attorney prior to initiating direct communication with Mrs. Saylani.

30.    TSI knew or could easily ascertain the name, address, and contact information for Mrs. Saylani's attorney.

31.    Mrs. Saylani had not given TSI consent to contact her about the debt nor had she initiated communication.

32.    No Court of Competent jurisdiction had given TSI permission to contact Mrs. Saylani about the debt.

33.    Mrs. Saylani's attorney had not given TSI permission to contact Mrs. Saylani about the debt.

34.    Bypassing Mrs. Saylani's counsel allowed TSI to deceive Mrs. Saylani.

35.    Not having the advantage of the advice of counsel, Mrs. Saylani did not realize that TSI was contacting her about the exact same debt that was the subject of the lawsuit.

36.    Years before, Mrs. Saylani had co-signed on several loans for

Abdelaziz.

37.     Since her attorney had notified TSI/HHL that she was represented and should not be contacted about the debt which was the subject of the previous lawsuit, the direct correspondence from TSI led her to believe that TSI was contacting her about a different debt.

38.     Mrs. Saylani has already been sued twice for the alleged debts of Abdelaziz. The possibility of yet another lawsuit caused Mrs. Saylani great anxiety and stress and a feeling of hopelessness.

39.     Having already been sued twice for the debts of Abdelaziz, and having previously incurred the expense of legal representation, Mrs. Saylani became anxious and fearful. Too upset to talk to TSI herself, she asked her husband to call TSI in response to the letter, to tell TSI that she could not pay the debt but Abdelaziz could. She asked TSI to contact Abdelaziz instead.

40.     However, TSI disregarded this request.

41.     Having initiated direct contact with Mrs. Saylani directly by letter on January 5, 2020, TSI then contacted Mr. and Mrs. Saylani by phone, email, and letter.

42.     TSI took advantage of the COVID-19 pandemic.

43.     While the pandemic was raging, Florida consumers were subject to a safer at home order, and many law offices were closed, TSI continued to call Mr. and Mrs. Saylani's phone asking for payment.

44.     Because TSI's harassment caused Mrs. Saylani anxiety and emotional distress her spouse, Najib Saylani (Mr. Saylani), continued to handle the calls for her.

45.     Mr. Saylani repeatedly informed TSI that Mrs. Saylani could not pay the debt, and that TSI should contact Abdelaziz.

46.     Knowing the debt was time barred and unenforceable at least as of March 2020 if not much sooner, TSI misrepresented to Plaintiffs in April 2020 that Mrs. Saylani was legally obligated to pay the debt. TSI, however, hid the fact that the debt was time barred and the same debt that TSI/HHL/NCSLT had previously sued Mrs. Saylani on in 16-2018-CA-000496-XXXX-MA.

47.     After initially demanding payment in full, TSI offered to settle for $12,000.00 in April 2020, telling Plaintiffs this would "save" them money.

48.     Plaintiffs told TSI that they could not come up with this much money but TSI continued to call.

49.     Plaintiffs were so stressed by TSI's communications and the possibility of another lawsuit, that they reached out to family members to try to come up with the money, despite the family embarrassment this created.

50.     Finally, in April 2020, TSI called and told Plaintiffs TSI would "save" them "$24,009.45" and would accept $6,100.00 as part of a settlement agreement.

51.     On April 13, 2020, TSI sent a written settlement offer to Mrs. Saylani, offering to settle the debt for $6,100.00 lump sum.

52.     TSI claimed that $30,121.33 was due and that interest was accumulating at an annual rate of 6.08%. Despite knowing the debt was time barred, TSI told Mrs. Saylani she would "save" $24,009.45 if she gave TSI $6,100.00 by April 28, 2020.

53.     At the time TSI made this offer, the statute of limitations had run, and

the debt was time-barred. TSI hid this fact from Plaintiffs and did not disclose this fact when making the settlement offer.

54.     Because TSI unlawfully engaged in direct communications with Mrs. Saylani and made deceptive and misleading statements, TSI was able to collect $3,050.00 and confidential information from Mr. and Mrs. Saylani on the debt TSI knew Mrs. Saylani was represented on, all without the knowledge of Mrs. Saylani's legal counsel.

55.     Mr. and Mrs. Saylani eventually became suspicious of TSI after reviewing Mrs. Saylani' credit report.

56.     After becoming suspicious of TSI, Plaintiffs asked TSI to clarify what debt TSI was collecting on. Plaintiffs told TSI that Mrs. Saylani was represented by an attorney on a debt that one of the NCSLT's had sued on in Florida.

57.     Plaintiffs asked for reassurance from TSI that the debt that TSI was collecting on was not the same debt for which they had retained an attorney.

58.     In response, TSI misrepresented that no lawsuit had ever been filed on the debt in Florida. TSI told Plaintiffs that the only lawsuit filed had been filed in Illinois.

59.     TSI then misrepresented to Plaintiffs that the debt at issue was a "Federal Student Loan" and thus that Mrs. Saylani owed the debt and no legal defense would apply.

60.     TSI knew these representations to be false. Plaintiffs believed TSI's misrepresentations and relied on them to their detriment.

61.     However, TSI was still demanding an additional $3,050.00. Before making an additional payment, and as law offices were beginning to reopen following

expiration of the safer at home order, Plaintiffs finally decided to contact their Florida attorney just to make absolutely sure the debt was a different debt than that sued on in Florida previously.

62.     Upon reviewing the correspondence from TSI and comparing it to TSI's affidavit in 16-2018-CA-000496-XXXX-MA, Plaintiff's counsel recognized that TSI was collecting on the debt for which counsel represented Mrs. Saylani.

63.     At the time counsel was contacted, TSI was in the process of debiting an additional $3,050.00 from Plaintiffs' bank account.

64.     Upon discovering TSI's fraud and misrepresentation, Plaintiffs' immediately contacted their bank to issue a stop payment order.

65.     This stopped TSI's effort to take an additional $3,050.00 but resulted in Plaintiffs incurring a stop payment fee.

66.     Subsequently, TSI continued to call Plaintiffs, until becoming aware of this lawsuit.

## **DAMAGES**

67.     TSI's misrepresentations, deception, knowing violations of the FDCPA and FCCPA, and knowing communication with a represented party, caused both Mr. Saylani and Mrs. Saylani actual damages.

68.     Plaintiffs lost $3,050.00 in cash. Plaintiffs also incurred a stop payment fee from their bank when they had to stop TSI from taking an additional $3,050.00 in cash.

69.     In addition, TSI caused actual damages in the form of extreme anxiety,

restless and sleepless nights, familial strife, anger, stress, and family embarrassment.

70.     Furthermore, TSI forced Plaintiffs to incur legal fees. TSI created the legal need to obtain a declaratory judgment, by circumventing Mrs. Saylani's attorney so TSI could trick Mrs. Saylani into entering into a settlement agreement with respect to a time-barred debt and without the advice of counsel.

71.     Plaintiffs have also incurred reasonable attorney's fees and costs in pursuit of this enforcement action and are seeking the recovery of the same against Defendant, as allowed under Fla. Stat. 559.77(2) and 15 U.S.C. 1692k(a)(3).

## COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 ET SEQ.)

72.     Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 71 above as if fully set forth herein and further state as follows:

73.     TSI is subject to and has violated the provisions of 15 U.S.C. §1692 et seq.

74.     At all pertinent times, both Mr. Saylani and Mrs. Saylani were "consumer"(s) as defined under 15 U.S.C. §1692a (3). See also 15 U.S.C. § 1692c (3) ("the term "consumer" includes the consumer's spouse").

75.     TSI's principal business is the collection of debts owed to others using the mail and telephone. It was acting in this debt collecting function, attempting to collect a debt for NCSLT, when communicating with Plaintiffs.

76.     At all pertinent times TSI was a "debt collector" as defined under 15 U.S.C. §1692a (6).

77.     TSI, a debt collector, communicated with a consumer by letter, phone, and email, after TSI knew the consumer was represented by an attorney with regard to the subject debt in violation of 15 U.S.C. §1692b (6) and 15 U.S.C. § 1692c(a)(2).

78.     More specifically:

a)      Without making any attempt to communicate with Mrs. Saylani's attorney, without the consent of Mrs. Saylani's attorney, without consent of the consumer, and without consent of any Court, TSI initiated direct communication with Mrs. Saylani by sending her a letter on or about January 5, 2020.

b)      TSI also sent a letter to Mrs. Saylani on or about April 13, 2020.

c)      TSI sent emails to Plaintiffs on or about April 13, 2020 and April 27, 2020.

d)      Having initiated communication by letter, TSI initiated phone calls to Plaintiffs on or about April 2, 2020, April 10, 2020, April 14, 2020, April 24, 2020, and May 19, 2020. On or about June 4, 2020, TSI initiated six phone calls to Plaintiffs. On or about June 5, 2020, TSI initiated three calls to Plaintiffs. On or about June 8, June 9, June 10, and June 11, TSI initiated two calls each day. On or about June 12, TSI initiated three calls. On or about June 15, 2020, TSI initiated three calls. TSI also initiated calls to the consumer on June 16, 17, and 18, 2020.

      e)     TSI also engaged in other communications with a represented consumer in violation of 15 U.S.C. §1692b (6) and 15 U.S.C. §1692c (2)

79.     TSI therefore repeatedly violated 15 U.S.C. §1692b (6) and 15 U.S.C. §1692c (2). TSI communicated with both Mr. Saylani and Mrs. Saylani in violation of 15 U.S.C. §1692b (6) and 15 U.S.C. §1692c (2).

80.     In addition to the above violations, TSI used false, deceptive, and misleading representations or means in connection with the collection of a debt in violation of 15 U.S.C. §1692e.

81.     More specifically:

      a)     TSI misrepresented that Mrs. Saylani had a legal obligation to pay the debt of another person in the amount of $30,121.33. TSI made this misrepresentation to both Mrs. Saylani and to Mr. Saylani. TSI knew the debt was time barred at the time this misrepresentation was made. This was therefore false, deceptive, and misleading and a per se violation of 15 U.S.C. §1692e (2) & (10).

      b)     TSI misrepresented that Plaintiffs would "save" "$24,009.45" if Plaintiffs paid TSI $6,100.00. TSI made this misrepresentation to both Mrs. Saylani and to Mr. Saylani. TSI knew the debt was time barred at the time this misrepresentation was made. This was therefore false, deceptive, and misleading and a per se

violation of 15 U.S.C. §1692e (2) & (10).

c)   TSI misrepresented that Mrs. Saylani would be legally obligated to pay interest on the debt if she did not pay TSI $6,100. TSI made this misrepresentation to both Mrs. Saylani and to Mr. Saylani. TSI knew the debt was time barred at the time this misrepresentation was made. This was therefore false, deceptive, and misleading and a per se violation of 15 U.S.C. §1692e (2) & (10).

d)   TSI asked Mrs. Saylani to enter into a written settlement agreement. TSI told Mrs. Saylani that she would "save" "$24,009.45" if she did this. TSI made this misrepresentation to both Mrs. Saylani and to Mr. Saylani. TSI knew the debt was time barred at the time this misrepresentation was made. TSI did not disclose that the debt was time barred or that entering into a written settlement agreement and signing could revive a time barred debt under Fla. Stat. § 95.04. This was therefore false, deceptive, and misleading and a per se violation of 15 U.S.C. §1692e (2) & (10).

e)   TSI misrepresented to Plaintiffs that it was contacting Mrs. Saylani about a different debt than the one for which she retained counsel. TSI knew his representation was false. This was therefore false, deceptive, and misleading and a per se violation

of 15 U.S.C. §1692e (2) & (10).

f)    TSI misrepresented to Plaintiffs that no lawsuit had been filed in Florida. TSI knew his representation was false. This was therefore false, deceptive, and misleading and a per se violation of 15 U.S.C. §1692e (2) & (10).

g)    TSI misrepresented that the debt was a "Federal Student Loan" and told Plaintiffs Mrs. Saylani therefore did not have a legal defense. This representation was false, deceptive, and misleading and a per se violation of 15 U.S.C. §1692e (2) & (10).

82.    TSI therefore violated 15 U.S.C. §1692e by using false, deceptive, and misleading representations or means in connection with the collection of the debt.

83.    In the alternative, TSI violated 15 U.S.C. §1692f (1) by using unfair and unconscionable means to collect or attempt to collect a debt or 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

84.    As a direct and proximate result of TSI's violations, Plaintiffs have suffered actual damages as highlighted in the paragraphs incorporated above, have incurred attorney fees and costs, and are entitled to statutory damages pursuant to 15 U.S.C. 1692k.

85.    Plaintiffs are also entitled to injunctive relief to prevent Defendant from any and all further communications with Plaintiffs, either through the mail, telephone, electronic communications or other available means and to declaratory relief to declare

the settlement agreement void and the result of fraud and violations of the <u>Act</u>.

WHEREFORE, Plaintiffs request that the Court grant the following relief:

A.  Declare TSI's practices to be in violation of the <u>Act</u> and issue an injunction to prevent TSI from continuing to contact Plaintiffs.

B.  Declare the settlement agreement TSI procured by fraud and illegal conduct to be invalid and unenforceable.

C.  Award Plaintiffs actual damages, including pre- and post-judgment interest, pursuant to 15 <u>U.S.C.</u> § 1692k(a)(1) in an amount to be determined at trial.

D.  Award Plaintiffs statutory damages pursuant to 15 <u>U.S.C.</u> § 1692k(a)(2)(A);

E.  Award Plaintiffs reasonable attorneys' fees and costs incurred in bringing this action pursuant to 15 <u>U.S.C.</u> § 1692k(a)(3); and

F.  Award such other and further legal or equitable relief as the Court deems just and proper.

## COUNT II: VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA)

86.    Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 71 above as if fully set forth herein and further state as follows:

87.    This is an action for declaratory relief and for damages within this Court's jurisdictional limitations, pursuant to the <u>Florida Consumer Collection Practices Act</u> (<u>Fla.</u> <u>Stat.</u> 559.55 <u>et</u> <u>seq.</u>).

88.    At all times relevant hereto, Plaintiffs were "consumer(s)" as defined by

§559.55(8), <u>Fla. Stat.</u>

89.    At all times relevant hereto, Defendant was engaged in the collection of consumer debt as defined by §559.55(6), <u>Fla. Stat.</u>

90.    TSI violated the <u>Florida Consumer Collection Practices Act</u> (<u>Fla. Stat.</u> 559.72 et seq.) with respect to its dealings with Plaintiffs.

91.    TSI is subject to and has violated the provisions of <u>Fla. Stat.</u> §559.72, including but not limited to:

    a)    <u>Fla. Stat.</u> §559.72(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family;

    b)    <u>Fla. Stat.</u> §559.72 (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist;

    c)    <u>Fla. Stat.</u> §559.72 (18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain such attorney's name and address.

92.    TSI violated <u>Fla. Stat.</u> § 559.72(7) and/or <u>Fla. Stat.</u> § 559.72(9) by doing the following:

    a)    TSI misrepresented that Mrs. Saylani had a legal obligation to pay the debt of another person in the amount of $30,121.33. TSI made this misrepresentation to both Mrs. Saylani and to Mr. Saylani. TSI knew the debt was time barred at the time TSI made

this misrepresentation.

b)    TSI misrepresented that Plaintiffs would "save" "$24,009.45" if Plaintiffs paid TSI $6,100.00. TSI made this misrepresentation to both Mrs. Saylani and to Mr. Saylani. This was a misrepresentation because TSI knew the debt was time barred at the time TSI made this misrepresentation.

c)    TSI misrepresented that Mrs. Saylani would be legally obligated to pay interest on the debt if she did not pay TSI $6,100. TSI made this misrepresentation to both Mrs. Saylani and to Mr. Saylani. This was a misrepresentation because TSI knew the debt was time barred at the time this representation was made.

d)    TSI asked Mrs. Saylani to enter into a written settlement agreement. TSI told Mrs. Saylani that she would "save" "$24,009.45" if she did this. TSI made this misrepresentation to both Mrs. Saylani and to Mr. Saylani. TSI knew this representation was false. TSI knew the debt was time barred. TSI knew that entering into a written settlement agreement and signing could revive a time barred debt under Fla. Stat. § 95.04 and thus make Mrs. Saylani legally liable for a debt when she was not before.

e)    TSI misrepresented that it had a right to contact Mrs. Saylani. TSI misrepresented that it was contacting Plaintiffs about a

different debt than the one for which she retained counsel. TSI knew these representations were false.

f)     TSI misrepresented to Plaintiffs that no lawsuit had been filed in Florida with respect to the subject debt. TSI knew this representation was false.

g)     TSI misrepresented to Plaintiffs that the debt was a "Federal Student Loan" and told Plaintiffs Mrs. Saylani therefore did not have a legal defense. TSI knew this representation was false.

93.     TSI knew Mrs. Saylani was represented by an attorney with respect to the debt and knew or could readily ascertain the attorney's name and address. TSI violated Fla. Stat. §559.72 (18) by doing the following:

a)     Without making any attempt to communicate with Mrs. Saylani's attorney, without the consent of Mrs. Saylani's attorney, and without permission from a Court of Competent jurisdiction, TSI initiated direct communication with Mrs. Saylani by sending her a letter on or about January 5, 2020.

b)     TSI also sent a letter to Mrs. Saylani on or about April 13, 2020.

c)     TSI sent emails to the debtor on or about April 13, 2020 and April 27, 2020.

d)    Having initiated communication by letter, TSI initiated phone communications with the debtor on or about April 2, 2020, April 10, 2020, April 14, 2020, April 24, 2020, and May 19, 2020. On or about June 4, 2020, TSI initiated six phone calls to the debtor. On or about June 5, 2020, TSI initiated three calls to the debtor. On or about June 8, June 9, June 10, and June 11, TSI initiated two calls each day. On or about June 12, TSI initiated three calls. On or about June 15, 2020, TSI initiated three calls. TSI also initiated calls on June 16, 17, and 18, 2020.

e)    TSI also engaged in other communications with a represented consumer in violation of Fla. Stat. §559.72 (18).

94.    TSI's conduct was willful, knowing, and intentional.

95.    As a direct result of TSI's violations of the Act, Plaintiffs have been damaged as set forth in the paragraphs incorporated by reference above.

96.    Plaintiffs have been required to retain the services of the undersigned counsel to pursue their claims against TSI for violations of the Act. Plaintiffs will incur costs and attorney's fees as a result.

WHEREFORE, Plaintiffs request this Court to enter a judgment against TSI pursuant to the Act as follows:

A.  Declare TSI's practices to be in violation of the Act and issue an injunction to

prevent TSI from continuing to violate the <u>Act</u> pursuant to <u>Fla. Stat.</u> § 559.77(2).

B.  Declare the settlement agreement TSI procured by fraud and illegal conduct to be invalid and unenforceable.

C.  Award Plaintiffs actual damages and punitive damages pursuant to pursuant to <u>Fla. Stat.</u> § 559.77(2).

D.  Award statutory damages of $1,000.00 per violation to Plaintiffs pursuant to <u>Fla. Stat.</u> § 559.77(2).

E.  Award attorney's fees and costs to Plaintiff's counsel pursuant to §559.77(2), <u>Fla. Stat</u>; and

F.  Grant such other and further relief as this Court deems equitable.

### <u>COUNT THREE: INTENTIONAL MISREPRESENTATION/FRAUD</u>

97.    Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 71 above as if fully set forth herein and further state as follows:

98.    In this case, TSI made the following false statements concerning a material fact:

99.    TSI represented that Mrs. Saylani was legally obligated to pay $30,121.33 and legally obligated to pay interest at an annual rate of 6.08%.

100.    TSI represented that Mrs. Saylani would "save" $24,009.45 if she entered into a settlement agreement and gave TSI $6,100.00 by April 28, 2020.

101.    TSI represented that no lawsuit had ever been filed on the debt in Florida.

102.    TSI represented that the debt at issue was not the one for which Mrs. Saylani had retained counsel.

103.   TSI represented that it was collecting on a "federal student loan" and thus that no legal defenses applied.

104.   These representations were false. TSI knew these representations to be false at the time they were made. TSI knew that the debt was time barred and thus that Mrs. Saylani did not have a legal obligation to pay the debt of Abdelaziz.

105.   TSI knew that Mrs. Saylani would not save "$24,009.45" if she entered into a settlement agreement and gave TSI $6,100.00. In fact, TSI knew the opposite was true, that Mrs. Saylani risked additional liability by entering into a settlement agreement on the time barred debt.

106.   TSI knew Mrs. Saylani was represented by an attorney on the subject debt and that the debt was the same as that sued on in 16-2018-CA-000496-XXXX-MA.

107.   TSI knew it was not collecting on a "federal student loan".

108.   TSI also made many material omissions with respect to information it had a duty to disclose, including but not limited to:

109.   TSI omitted the fact that TSI was contacting Plaintiffs regarding the debt for which TSI had previously retained HHL to sue Mrs. Saylani in Florida.

110.   TSI hid the fact that TSI was contacting Plaintiffs about the same debt for which Mrs. Saylani had retained counsel.

111.   TSI hid the fact that the debt was time barred at the time a settlement agreement was offered.

112.   TSI made these false statements of material fact to both Mrs. Saylani and Mr. Saylani. Plaintiffs relied on TSI's false representations and material omissions to

their detriment.

113.    As a result of the deliberate material omissions and deliberate misrepresentations on the part of TSI, Plaintiffs believed the loan was a different loan than that sued on in 16-2018-CA-000496-XXXX-MA.

114.    As a direct result of TSI's deliberate material omissions and misrepresentations, Plaintiffs were misled and as a result did not contact Mrs. Saylani's attorney, entered into an agreement without the advice of their counsel, and paid cash to TSI.

115.    TSI knew each of its misrepresentations to be false and/or that it was omitting material facts that it had a duty to disclose.

116.    The misrepresentations and omissions were knowing, were material, and TSI intended that the false representations and/or omissions induce another to act.

117.    Specifically, TSI intended to entice Plaintiffs to pay TSI money and to unknowingly give up legal rights and protections.

118.    Plaintiffs relied on TSI's false representations and material omissions to their detriment.

119.    Plaintiff's reliance was reasonable or justifiable under the circumstances.

120.    As a direct and proximate result of TSI's actions, Plaintiffs have suffered pecuniary losses, actual damages, consequential damages, mental pain and suffering, damages to reputation and credit, and additional costs and expenses attendant to this lawsuit, including attorney's fees.

121.    Plaintiffs have been damaged as set forth in the paragraphs incorporated

by reference above, the amount of which continues to accumulate in an exact amount that will be proven at trial.

122.    Plaintiffs have been required to retain the services of the undersigned counsel to pursue claims against TSI. Plaintiffs will incur costs and attorney's fees as a result.

WHEREFORE, Plaintiffs pray for actual, consequential, and punitive damages and/or all damages as allowable under law. Plaintiffs also request attorney's fees and costs if allowable under law and such other and further relief as this Court deems equitable.

### COUNT FOUR: NEGLIGENT MISREPRESENTATION/FRAUD

123.    Plaintiffs repeat and re-allege the allegations in paragraphs 97 through 122, above as if fully set forth herein and further state as follows:

124.    Count Four is pled in the alternative to Count Three.

125.    In the alternative, if TSI did not know the false statements of material fact were false, TSI was negligent in making these false statements of material fact because TSI should have known of the falsity of the representations.

126.    TSI intended to induce Plaintiffs to rely on the misrepresentations to its benefit and injury resulted to Plaintiffs acting in justifiable reliance upon the misrepresentations.

WHEREFORE, Plaintiffs pray for actual, consequential, and punitive damages and/or all damages as allowable under law. Plaintiffs also request attorney's fees and costs if allowable under law and such other and further relief as this Court deems

equitable.

## **JURY DEMAND**

Plaintiffs request trial by jury of all claims that can be so tried.

Dated:  July 9, 2020

RESPECTFULLY SUBMITTED,

/s/Timothy Snyder

Timothy H. Snyder, Esquire (37210)
Timothy H. Snyder, Attorney at
Law, P.A.
1301 Riverplace Blvd, Suite 800,
Jacksonville, Florida 32207
(904) 419-9858
Fax (904) 212-1818
tim@floridastudentloanattorney.com
Counsel for Plaintiff/Trial Counsel